IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,

    Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA,

    Respondent.

Civil Action No. 16-1595
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

Re: ECF No. 4

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition, ostensibly filed as a Petition for Writ of Coram Nobis, seeking to challenge the validity of state court convictions, be dismissed pre-service for lack of subject matter jurisdiction.

### II. REPORT

**A. Background**

Deante Drake ("Petitioner") was formerly a state prisoner who has completely served a sentence for drug and firearms convictions arising on October 22, 1993 ("the October 22, 1993 state court convictions"). On that date, Petitioner pleaded guilty to two counts of drug possession and one count of possessing a firearm in the Court of Common Pleas of Washington County. Petitioner is currently a federal prisoner, who contends that his federal sentence, which he is currently serving, was enhanced due to him being a recidivist based upon his October 22, 1993 state court convictions. Petitioner did not file the instant case until November 9, 2016, when the Clerk's Office received what Petitioner described as a "Petition to vacate conviction pursuant to writ of error coram nobis[.]" ECF No. 4 at 1. It appears that Petitioner seeks by way

of this Petition to have this Court invalidate his October 22, 1993 state court convictions. Id. at 9 ("This District Court should grant him relief from this erroneous judgment that was imposed in Washington County Court of Common Pleas."). Petitioner invokes the All Writs Act as the jurisdictional basis for the present suit. Id. at 1 ("This Court has subject-matter jurisdiction over the Petitioner's petition . . . pursuant to the allwrits [sic] section (28 U.S.C. §165(a)).").[1] Because the All Writs Act does not confer any jurisdiction on this Court to entertain an attack by Petitioner on his state court convictions whose sentences have been fully served, the case should be dismissed pre-service for lack of subject matter jurisdiction.

B. Discussion

### 1. Courts can raise subject matter jurisdiction sua sponte.

A court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed. Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.") (citations omitted). Alternatively, the Court always has inherent power to control its own dockets even apart from considerations of subject matter jurisdiction so as to enable the court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D. Pa. Feb. 14, 2008)

---

[1] 28 U.S.C. § 1651(a) provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

2

("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service")(footnote omitted)(citing, Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings")).

### 2. Coram Nobis does not grant jurisdiction over state court convictions.

To the extent that the present Petition may be construed as a request for a writ of coram nobis, it is properly dismissed pre-service because a federal court does not have subject matter jurisdiction over a writ of coram nobis that seeks to attack a state court judgment. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("Four Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (coram nobis applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (coram nobis petition set forth no claim for relief cognizable in federal court). We agree with those cases. Obado can seek coram nobis relief only in state court.")); Tavares v. Massachusetts, 59 F.Supp.2d 152, 154 (D.Mass. 1999).

Accordingly, to the extent that the present filing constitutes a petition for writ of coram nobis, it should be dismissed pre-service for lack of subject matter jurisdiction, given that the judgment Petitioner seeks to attack is a state court judgment and not a judgment from this Court.

### 3. Only the habeas statute grants jurisdiction over state court convictions.

Because Petitioner's Petition is really an attack on his October 22, 1993 state court convictions, the Court recommends pre-service dismissal of it because such a request/attack is properly brought only via a petition for writ of habeas corpus. See, e.g., Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."); Beaven v. Roth, 74 F. App'x 635, 638 (7th Cir. 2003) ("Federal courts do have authority to review collaterally state-court judgments in criminal cases, but only through habeas corpus. Indeed, 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'")(quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994))(some citations omitted).

In light of the rule that federal courts have authority, i.e., jurisdiction, only through habeas corpus to review state court convictions collaterally, then, in law and in fact, the present case is jurisdictionally a habeas petition. However, given that, at the time of the filing of the present case, Petitioner was no longer "in custody" arising out of the October 22, 1993 state court convictions that he seeks to attack, the Court lacks habeas subject matter jurisdiction over this case. Maleng v. Cook, 490 U.S. 488, 492 (1989). At the least, Petitioner has not carried his burden to show that he was in custody pursuant to the October 22, 1993 state court convictions at the time of the filing of the instant case. Brown v. Wenerowicz, No. CIV.A. 13-430, 2013 WL 2404152, at *4 (W.D. Pa. May 31, 2013) ("Moreover, it is the burden of the habeas petitioner to establish the jurisdictional predicate that he was in custody at the time of filing his habeas petition.") (quoting United States ex rel. Johnson v. Cavell, 468 F.2d 304, 319 (3d Cir. 1972)

("Indeed, by seeking to invoke a district court's habeas corpus jurisdiction, petitioner carried the burden of affirmatively showing the presence of jurisdictional prerequisites....")).

Given that the Court lacks subject matter jurisdiction over the present case, it is recommended that the case be dismissed. To the extent one is needed, a Certificate of Appealability should be denied.[2]

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the case be dismissed before being served because this Court lacks subject matter jurisdiction over this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: November 18, 2016      s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Petitioner seeks to challenge his current federal sentence as unconstitutionally enhanced by the allegedly unconstitutional October 22, 1993 state court convictions, his proper remedy lies elsewhere, as for example, seeking relief in the federal court of conviction and/or the appropriate Court of Appeals for permission to seek leave to file a second or successive Section 2255 motion and/or possibly a petition pursuant to 28 U.S.C. § 2241 in the federal judicial District where his present custodian is.

cc: The Honorable Nora Barry Fischer
United States District Judge

DEANTE DRAKE
05730-087
FCC Allenwood
PO Box 1000
White Deer, PA 17887